SOUTH FORK TPK. ROAD CO. *v.* CASEY COUNTY COURT.

[Abstract Kentucky Law Reporter, Vol. 5—243.]

**County Court Directing Subscription to Turnpike.**

> The act is constitutional which provides that the justices of the peace should be associated with the county judge in making any order submitting to the voters the question whether the county court should be directed to subscribe to the building of turnpikes in the county.

APPEAL FROM CASEY CIRCUIT COURT.

September 18, 1883.

OPINION BY JUDGE HINES:

It is clear that, in the act of March 9, 1868, (I Acts 1867-68, ch. 992), the legislature intended to provide that the justice of the peace should be associated with the county judge in making any order submitting to the vote of the people the question whether the county court should be directed to subscribe to the building of turnpikes in the county.

But it is insisted that such an act is in violation of the State Constitution, art. 4, § 37, which provides that the justices may sit with

the county judge at the court of claims and assist in laying the county levy and making appropriations only. This view we think is not correct, but if it were it would avail appellant nothing. The power to submit the question to the people and to make subscription is derived alone from this act of the legislature, and if the instrumentalities provided by the act are forbidden by the constitution the courts can not supplement the legislature by providing other instrumentalities.

But the act is not unconstitutional. The justices of the peace, when composing with the county judge a court, are the financial guardians of the county and may be authorized by the legislature to take any and all steps looking to taxation, the raising of revenue and the payment of claims against the county. The submission to the vote of the people is one step towards the raising of revenue to build pikes.

Judgment *affirmed.*

*Hays & Stone,* for appellant.

*John S. Vanwinkle,* for appellee.